IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAVELLE WALKE                    :      CIVIL ACTION
                                 :
          v.                     :
                                 :
JAMES CULLEN, et al.,            :      NO. 05-6665

MEMORANDUM

McLaughlin, J.                              May 14, 2009


          This is a civil rights suit brought, pro se, by Lavelle
Walke[1] against two police officers, challenging actions taken
during Mr. Walke's arrest and prosecution.  The case was stayed
pending the resolution of the criminal proceedings against Mr.
Walke.  Those proceedings have now concluded.  Mr. Walke was
convicted of felony possession of cocaine and firearms and Mr.
Walke's direct appeal has ended with the Pennsylvania Supreme
Court's denial of allocatur.   The defendants, Officers James
Cullen and Robert Freil, have moved to dismiss on the ground that
Mr. Walke's now-final conviction bars his claims under Heck v.
Humphrey, 512 U.S. 477 (1994).

          Mr. Walke has not filed a response to the defendants'
motion.  The motion was filed on February 6, 2009, but Mr. Walke
did not receive a copy of it until April 3, 2009.[2]  The Court

---

          [1]     In letters to the Court, Mr. Walke has signed his name
both as "Walke" and "Walker."  In his most recent letter, he
clarifies that his last name is "Walke."

          [2]     The Court initially ordered Mr. Walke to respond to the
motion by February 27, 2009.  On February 17, 2009, the Court
received a response from Mr. Walke, stating that he had not yet
received a copy of the motion to dismiss and asking for an

ordered Mr. Walke to file his response by May 1, 2009.  On April 20, 2009, Mr. Walke wrote the Court, stating that he could not respond to the motion to dismiss without "a copy of the original § 1983 motion," which he no longer has, but which he has requested "from the Clerk's office."  Mr. Walke states the reason he no longer has a copy is that he "went to Butner F.C.I. Medical Center for evaluation, and F.D.C. Philadelphia, before I went to trial, and my properties were lost."

By "the original § 1983 motion," the Court understands Mr. Walke to be referring to his complaint in this matter.  The Court understands Mr. Walke to be saying that his copy of the complaint was lost when he was transferred, sometime before he went to trial.  Mr. Walke was convicted in September 2008 and presumably lost his copy of his complaint sometime before then.  Mr. Walke does not explain why he did not request a replacement copy of his complaint earlier nor does he explain why, despite several communications with the Court and repeated extensions of the deadline to respond to the motion to dismiss, he failed to mention the loss of his complaint until now.

---

extension of time to respond.  The Court ordered the defendants to serve another copy of their motion to dismiss and gave Mr. Walke until March 20, 2009, to respond.  On March 11, 2009, the Court received a "letter motion" from Mr. Walke, dated March 3rd, stating that he still had not received a copy of the motion and asking for an extension of time to respond.  The Court granted an indefinite extension of time to respond and asked Mr. Walke to inform the Court when he had received a copy of the motion.  Mr. Walke wrote the Court a letter, received April 6, 2009, stating he had received a copy of the motion on April 3rd.  The Court then ordered Mr. Walke to respond by May 1, 2009.

The Court finds that Mr. Walke has not provided adequate grounds for another extension of his deadline to respond to the defendants' motion to dismiss.  The Court will therefore proceed to decide the motion.  Because Mr. Walke is proceeding pro se, Mr. Walke's failure to file a timely response will not result in the motion to dismiss being granted as uncontested.  Instead, the Court will examine the defendants' motion on the merits and grant it only to the extent that the defendants have established that Mr. Walke cannot state a claim.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

The Court will grant the defendants' motion to dismiss in part and deny it in part.  The Court will dismiss Mr. Walke's claims for damages resulting from his post-conviction incarceration and confinement, finding those claims barred by Heck v. Humphrey.  The Court will dismiss sua sponte Mr. Walke's claims concerning the actions of his criminal counsel and the allegedly improper search of his real estate, voter, and motor vehicle records.  The Court will deny the motion to dismiss as to Mr. Walke's other claims because the Court lacks sufficient information to conduct the "fact-based" analysis of them required under Heck.  This denial is without prejudice to the defendants' ability to argue that these claims are barred by Heck at a later stage of the proceedings on a fuller record.

I.   <u>ALLEGATIONS OF THE COMPLAINT</u>

Mr. Walke's complaint was filed on the form provided by the United States District Court for the Eastern District of Pennsylvania for prisoners seeking to bring pro se suits under 28 U.S.C. § 1983.  The complaint named as defendants police officers James Cullen and Robert Friel and Assistant United States Attorney Gallagher.  AUSA Gallagher has already been dismissed.

Mr. Walke's complaint contains a lengthy statement of his case.  He makes a number of different claims, all of which involve alleged violations of his substantive and procedural due process rights.

Mr. Walke alleges that he was deprived of procedural due process when property of his was taken without notice or hearing.  Mr. Walke appears to be alleging that his assets were taken prior to his conviction in alleged violation of "Title 26 U.S.C. Section 2461(c)."  There is no such section of the U.S. Code, but the plaintiff is likely referring to 28 U.S.C. § 2461(c), which allows the government to seek forfeiture, if authorized by statute, as part of a defendant's indictment.  The complaint does not clearly specify the property allegedly taken, although it does say Mr. Walke "claims a Property interest at 7032 Cedar Park, in obtaining personal property and records." Compl. pp 4-5.

Mr. Walke alleges he was deprived of both procedural and substantive due process in the events leading up to his

arrest.  He specifically alleges that there was a lack of probable cause for his arrest, that the police investigated his motor vehicle and real estate records without complying with the provisions of 18 U.S.C. §§ 2721-2725; that the police subjected him to an unreasonable search and seizure; and that the police at some point blindfolded him, which Mr. Walke contends was in violation of the law.  Compl. pp. 5-6.  Mr. Walke also appears to challenge the use by the police of a confidential informant to obtain a warrant (it is unclear whether a search or arrest warrant) for Mr. Walke, alleging that the informant's testimony was not sufficiently reliable to support issuance of the warrant. Compl. pp 9-10.

Mr. Walke also alleges constitutional violations during his trial, both in the failure to suppress evidence and his counsel's alleged ineffective conduct. He states that certain evidence used against him at trial was found at his home as a result of an involuntary statement he made before being given his Miranda warnings.  He also alleges that the defendant officers were allowed to testify about these statements at trial.  Mr. Walke argues that his constitutional rights were violated when these statements and the evidence resulting from them were used at his trial.  Mr. Walke also alleges that his rights were violated because he was not able to have his court-appointed counsel removed.  Compl. pp. 6-12.

At the end of his statement of the case, Mr. Walke summarizes his claims:

> Continued detention is illegal.  The trial court cannot conclude that the circumstances warranting the issuance of the arrest warrant was specific and articulable justifying directing a reasonable officer to the plaintiff.  The police officers lacked reasonable suspicion to search the plaintiff[']s home, the search violated the Fourth Amendment, the plaintiff[']s confession was not a product of knowing and intelligent waiver of his MIRANDA right.  All the evidence obtain[ed] in violation of the plaintiff's Fifth Amendment right against self-incrimination, should have been suppressed, district court erred in forcing Attorney Tinari upon the plaintiff when the plaintiff attempted to withdraw the counsel based on "Structural Error" . . . Plaintiff also claims a property interest, which he was deprived of in violation of procedural due process."

Compl. p. 12.  The relief Mr. Walke requests includes his release from custody and monetary damages for "incarceration, loss of property, false imprisonment, pain, suffering, past and future medical expenses (alleging to have developed a glaucoma (Left eye) [sic]."  Compl. p. 12.  The Court, in granting Mr. Walke's motion to proceed in forma pauperis dismissed Mr. Walke's claims for release from confinement and for equitable or injunctive relief.

II.   ANALYSIS

        The defendants move to dismiss Mr. Walke's complaint in
its entirety on the basis that his now-final conviction bars his
claims under Heck v. Humphrey, 512 U.S. 477 (1994).

        The United States Supreme Court has long held that a
prisoner cannot use a suit under 28 U.S.C. § 1983 to challenge
the "fact or duration of his confinement."  Preiser v. Rodriquez,
411 U.S. 475, 489 (1973).  Any such challenge must instead be
made through a federal writ of habeas corpus or appropriate state
relief, such as proceedings under the Pennsylvania Post
Conviction Relief Act.  Id.; Wilkinson v. Dotson, 544 U.S. 74, 78
(2005).

        In Heck v. Humphrey, the United States Supreme Court
considered the related question of whether a suit under § 1983
could be used to seek damages for unconstitutional actions by
state officials that resulted in a prisoner's conviction.  The
Supreme Court held that § 1983 could not be used in such
circumstances.  Holding that actions under § 1983 are not
appropriate vehicles for challenging the validity of outstanding
criminal judgments, the Supreme Court held that when establishing
the basis of a § 1983 claim necessarily demonstrates the
invalidity of a conviction, that claim cannot be brought unless
the conviction or sentence has already been invalidated.  Heck,
512 U.S. at 486-87.  In cases, however, where a successful § 1983

action would not demonstrate the invalidity of a conviction or sentence, the action may proceed.  Id.

The key inquiry for determining whether a claim is barred by Heck is whether it necessarily demonstrates the invalidity of a conviction.  In Heck, the Supreme Court gave the example of a § 1983 suit seeking damages for an unreasonable search where the results of the search were introduced in the plaintiff's criminal trial.  The Court said that such a § 1983 suit might not be barred, because, even if the search were found to be illegal in the § 1983 action, the conviction would not necessarily be invalidated if it were possible that the evidence found by the search could nonetheless have been admissible under the doctrines of independent source, inevitable discovery, or harmless error.  The Supreme Court noted, however, that the plaintiff in such an action would have to show, not only that the search was unlawful, but that it caused him compensable injury, which could not include the "injury" of being arrested and convicted.  Heck, 512 U.S. at 487 n.7.

Expanding on the example given in Heck, the United States Court of Appeals for the Third Circuit has held that determining whether Heck bars a § 1983 claim based on an unreasonable search or false arrest requires a "fact-based" inquiry into whether the evidence obtained as a result of the alleged unconstitutional search or seizure could nonetheless have been introduced at trial under harmless error, inevitable

-8-

discovery, or other doctrines.  Gibson v. Super. of N.J. Dept. of Law and Pub. Safety, 411 F.3d 427, 447 (3d Cir. 2005).  Applying such an inquiry to the case before it, the Gibson court found that a prisoner's § 1983 false arrest claim would "necessarily imply the invalidity of his conviction" where, based on the allegedly false arrest, the police had searched the prisoner's car and found the drugs that formed the "only evidence" for his conviction.  Id. at 451-52.

Here, most of Mr. Walke's claims implicate Heck because they directly or indirectly challenge evidence that was used to convict him.  As Heck and Gibson make clear, however, the mere fact that a § 1983 claim concerns the legitimacy of evidence introduced at the plaintiff's criminal trial does not mean that the claim is barred.  The test is whether a successful claim would "necessarily" demonstrate the invalidity of the plaintiff's conviction, and this requires a "fact-based" inquiry into whether evidence that might be called into question by a successful § 1983 suit might nonetheless be admissible.  Gibson, 411 F.3d at 447.  Here, the plaintiff's allegations do not provide sufficient context or detail to allow that inquiry.

For example, Mr. Walke's complaint challenges the use of allegedly unconstitutionally obtained statements he made before being Mirandized and challenges the legality of the search of his house that resulted from his statements.  If successful, these claims would impact Mr. Walke's conviction because,

-9-

according to his complaint, the search of his house revealed the drugs and guns that he was convicted of possessing.  If those drugs and guns were the only evidence supporting Mr. Walke's conviction, and if they would not otherwise have been admissible at trial, then Mr. Walke's claim would likely be barred by Heck because a successful challenge to the statements and search would necessarily invalidate his conviction.

On this limited record, however, the Court cannot make that determination because the Court cannot know what other evidence besides the drugs and guns found at Mr. Walke's house, if any, existed to support Mr. Walke's conviction or whether there would be any other basis for admitting the guns and drugs, if Mr. Walke's statements and/or the search of his house were found to be improper.  The Court therefore cannot determine on this record whether Mr. Walke's claims based on the alleged violation of his Miranda rights and the failure to suppress the results of the search that allegedly resulted from that violation are barred by Heck.

Similarly, the Court cannot determine at this time whether Mr. Walke's claims of false arrest are barred by Heck. Although Mr. Walke's claims are not entirely clear, he appears to allege that he was arrested without probable cause and then, while in custody, gave the non-Mirandized statements that led to the search of his house and resulted in the discovery of the drugs and guns that he was convicted of possessing.  If this is

-10-

an accurate understanding of Mr. Walke's allegations, it may be that the challenge to his arrest, if successful, would necessarily imply the invalidity of his conviction because, arguably, the guns and drugs that formed the basis of his conviction should have been suppressed as fruits of the poisonous tree in a chain of causation running from the arrest to the statements to the search to the discovery of the guns and drugs. It may also be, however, that the challenge to the arrest would not necessarily invalidate Mr. Walke's conviction if guns and drugs would have been admissible at trial under the doctrines of independent source, inevitable discovery, and harmless error discussed in Heck, or for any other reason.

On this state of the record, with only these allegations of the complaint, the Court cannot make this determination.  The Court therefore cannot say at this time that Mr. Walke's false arrest claims are barred by Heck.

Other claims by Mr. Walke, although still vague, seem much less likely to be barred by Heck, even if the record were more complete.  Mr. Walke's claim concerning the improper taking or forfeiture of unspecified property is likely not barred by Heck because the issue of whether it was constitutionally proper to take the property is likely separable from whether that property could be used as evidence of trial (if indeed the property was used as evidence, which is, on this record, uncertain).  Similarly, Mr. Walke's claim of being blindfolded,

assuming it were successful, would not seem to necessarily invalidate his conviction.  See Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997) (holding § 1983 action challenging use of unlawful force in effecting lawful arrest was not barred by Heck).

There is, however, one claim by Mr. Walke that, even on the limited state of the record, is clearly barred by Heck.  Mr. Walke's complaint seeks damages for "incarceration" and "false imprisonment."  These claims are barred by Heck to the extent Mr. Walke seeks damages for the confinement that resulted from his conviction and subsequent imprisonment.  See Heck, 512 U.S. at 487 n.7 (compensable injury in a § 1983 case "does not encompass the 'injury' of being convicted and imprisoned (until [the plaintiff's] conviction has been overturned).")

There are also two other minor claims raised by Mr. Walke that the Court will dismiss sua sponte on grounds different from the Heck-based arguments made by the defendants. Because Mr. Walke is proceeding in forma pauperis, the Court is authorized to dismiss sua sponte allegations that fail to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

In his complaint, Mr. Walke challenges, in passing, that the "district court erred in forcing Attorney Tinari upon the plaintiff when the plaintiff attempted to withdraw the counsel based on 'Structural Error.'"  The remaining defendants, Officers Cullen and Freil, are not responsible for the assignment

of court-appointed counsel and so cannot be liable for any alleged wrongdoing in failing to replace counsel.  The claim against them will therefore be dismissed.[3]

Mr. Walke also alleges that the police violated his substantive due process rights when they investigated his real estate, voting, and motor vehicle records "without complying with the procedural requirements set forth pursuant to Title 18 U.S.C. Sections 2721-2725."  Compl. p. 5.  Mr. Walke attaches to his complaint two pages of a trial transcript in which Officer Cullen states that he checked real estate records for the ownership of a house at 7032 Cedar Park Avenue, which showed the registered owner to be Lavelle Walke and checked voters registration records that showed two people registered to vote at that address.  Officer Cullen then did a check of motor vehicl records for Lavelle Walke, which showed a suspended license at that address.  Compl. pp 11a-11b.

None of these allegations states a constitutional violation actionable under § 1983.  There is no allegation that the real estate or voter registration lists checked by Officer Cullen were anything other than public records.  An officer's

---

[3]   Had Mr. Walke brought this claim against district court itself or the presiding judge, it would almost certainly be barred under either the Eleventh Amendment or the doctrine of judicial immunity.  Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (judicial immunity); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005) (Eleventh Amendment).  Had Mr. Walke brought this claim against his defense lawyer it would fail because a defendant's counsel is not a state actor subject to liability under § 1983.  Polk County v. Dodson,  454 U.S. 312, 318 (1981).

search of public records does not violate the United States Constitution.

Driver's licence records are not public and the plaintiff is correct that they are protected from disclosure by Title 18 U.S.C. §§ 2721-2725, also known as the Driver's Privacy Protection Act of 1994, which provides "redress for violation of a person's protected interest in the privacy of his or her motor vehicle records and the identifying information therein." Pichler v. UNITE, 542 F.3d 380, 388 (3d Cir. 2008). The Act, however, expressly provides that all records that it covers "may be disclosed . . . [f]or use by any government agency, including a court or law enforcement agency, in carrying out its functions . . . ." § 2721(b)(1). Officer Cullen's search of Mr. Walke's motor vehicle records, therefore, did not violate the Driver's Privacy Protection Act, and Mr. Walke's § 1983 claim based on a violation of the Act will be dismissed.

An appropriate Order follows.